UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-CR-00335-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DAWN WRIGHT OLIVARES** | ) | |
| **DANIEL C. OLIVARES,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Consent Joint Motion for an Order to Amend Judgment (#84). The United States of America and Special Master request, pursuant to 18 U.S.C. § 3663A and 3664, with the consent of counsel for the defendants, that this Court direct the Clerk of Court to amend the Judgments (#74 & #76) to provide for restitution. For good cause and by a preponderance of the evidence, this Court will grant the Consent Joint Motion for the following reasons.

The Amended Report of the Special Master (#82) was published in December 2016 and recommended that the defendants be ordered to pay $244 million in restitution. Liability was joint and several with co-defendant Paul Burks, and a judgment against Burks was subsequently entered ordering $244 million in restitution.

Since the publication of the Amended Report, the Special Master has provided an update to the parties as to the identified victims as well as loss amount outstanding to such victims. The total number of victims registered and verified with the Special Master is more than 100,000 individuals and entities. The total outstanding amount of allowed and payable claims, after deducting any amounts already paid to victims or earmarked for payment to victims, is

1

$86,979,261. Therefore, the parties have agreed that the Court should enter an Order of restitution in the amount of $244 million, and the Defendants should be credited with amounts already paid to victims by the Receiver.

However, consistent with the Court's Order appointing the Special Master (#8) and 18 U.S.C. 3663A(c)(3)(A), which provides that the section does not apply to offenses including the instant offense "if the court finds, from facts on the record, that the number of identifiable victims is so large as to make restitution impracticable," the parties agree that it is impracticable for the United States, United States Probation and the Clerk of Court to carry out any Order of restitution imposed because the number of victims is well over 100,000. Because the Special Master, in his capacity as Receiver, is not only obligated but has undertaken to properly identify and resolve the claims of the victims of the fraud, it would conserve the resources of this Court, United States Probation, and the Government, for the Receiver to receive and dispose of all restitution monies paid by Defendant in this matter.

Therefore, the parties request that the Court further order that collection and distribution of any recovered funds from the Defendants shall be accomplished and enforced by the Special Master, pursuant to 18 U.S.C. § 3664(d)(6), through his duties and powers as court-appointed Receiver in the case of <u>Securities and Exchange Commission v. Rex Ventures Group, LLC d/b/a ZeekRewards.com and Paul Burks</u>, Civil Action No. 3:12 cv 519 in the United States District Court for the Western District of North Carolina, until restitution becomes impracticable upon close of such receivership. The parties also request the Court find and order that the Clerk of Court, United States Probation and the United States are relieved of any obligation to further enforce this Order. Based on such showing, the Court finds that the requested relief is appropriate and supported by the record.

# ORDER

**IT IS, THEREFORE, ORDERED** that

(1)	the Consent Joint Motion for an Order to Amend Judgment (#84) is **GRANTED**, restitution is **ORDERED** in the amount of $244 million, and the Judgments (#74 & #76) shall be amended to reflect restitution in such amount, and liability shall be joint and several with each other and joint and several with Paul Burks in 3:14cr208;

(2)	such Restitution shall, however, be collected and distributed only by the Special Master until the close of the receivership, after which time collection of restitution shall be deemed impracticable for purposes of 18 U.S.C. §§ 3663A and 3664. The Clerk of Court, United States Probation, the Federal Bureau of Prisons, and the United States are relieved of any obligation to further enforce this Order or the restitution provisions of the Judgments so amended; and

(3)	the defendants are credited with amounts already paid to victims by the Receiver and that the outstanding amount of restitution, after credits, is $86,979,261.

Signed: November 28, 2018

Max O. Cogburn Jr
United States District Judge